**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCESCO N. GUTIERREZ JR.,<br><br>      Plaintiff,<br><br>    v.<br><br>NISSAN NORTH AMERICA INC.; and DOES 1 through 10, inclusive,<br><br>      Defendant. | Case No. 2:24-cv-00843-SPG-SP<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 22]** |

Before the Court is Plaintiff Francesco N. Gutierrez Jr.'s motion to remand. (ECF No. 22 ("Motion")). Defendant Nissan North America Inc. opposes the Motion. (ECF No. 23 ("Opp.")). The Court has read and considered the matters raised with respect to the Motion and determined that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L. R. 7-15. For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

-1-

## I.    BACKGROUND AND PROCEDURAL HISTORY

On May 8, 2023, Plaintiff filed his state court complaint alleging several claims under California's Song-Beverly Consumer Warranty Act, as well as a claim under California's Business and Professions Code § 17200.  (ECF No. 1, Exh. A ("Compl.")). Defendant filed its answer on July 21, 2023.  On February 26, 2024, during discovery, Defendant requested sales documents from Plaintiff's counsel.  *See* (ECF No. 22, Exh. A ("Stewart Decl.") ¶ 5).[1]  Plaintiff's counsel provided the requested documents one day later. (Stewart Decl. ¶ 6).[2]  On April 22, 2024, Defendant filed its Notice of Removal.  (ECF No. 1).  Thirty-two days later, on May 24, 2024, Plaintiff filed the instant Motion.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332.  Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ."  28 U.S.C. § 1332(a).

A defendant may remove an action to federal court based on diversity jurisdiction "provided that no defendant 'is a citizen of the State in which such action is brought.'"

---

[1] At various points, Plaintiff states that the request for sales documents happened on February 26, 2023. *See, e.g.,* (ECF No. 22 at 3).  At other points, however, Plaintiff states that the request occurred on February 26, 2024. *See* (ECF No. 22 at 5).  Because the case was initiated *after* February 26, 2023, the Court interprets Plaintiff to mean that the event occurred on February 26, 2024, despite the declarations of counsel.

[2] Plaintiff similarly states, at various points, that this event occurred in 2023.  For reasons articulated in footnote 1, the Court interprets Plaintiff to mean that the event occurred on February 27, 2024.

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)); *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citations omitted)). An individual is a citizen of the state where he or she is domiciled, meaning the state where the individual resides and intends to remain or to which the individual intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The removal statute is strictly construed against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citation omitted). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve any doubt about the right of removal in favor of remand. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

## III. DISCUSSION

Plaintiff challenges Defendant's removal on one main ground—namely, that Defendant failed to timely remove this action. Defendant denies that its removal was untimely and levels a similar accusation at Plaintiff, i.e., that Plaintiff's remand request is untimely. The Court considers these arguments now.

Defendant removed this action on April 22, 2024, on the basis of diversity jurisdiction. (ECF No. 1). Defendant asserts, and Plaintiff does not contest, that complete diversity exists between the parties. (ECF No. 1 at 4). Defendant likewise asserts that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *Id.* Although Plaintiff does not contest that the amount in controversy exceeds $75,000 in this action, Plaintiff is skeptical that Defendant did not know of this fact until 276 days after filing its answer. (ECF No. 22 at 4) ("While Plaintiff first finds it hard to believe that an

attorney as accomplished as Defendant's counsel did not review the sales contract in a lemon law case for nearly a year, Defendant's Notice of Removal would suggest that it did, in fact, know of the amount in controversy at the time it filed its Answer."). The Court agrees with the parties that the jurisdictional elements articulated under 28 U.S.C. § 1332 have been satisfied. Thus, the Court turns to whether Defendant has complied with the procedural requirements of 28 U.S.C. § 1446.

Section 1446(b) identifies two thirty-day periods for removing a case. "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (internal quotes omitted). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." (*Id.*) (quoting § 1446(b)(3)). To toll the initial thirty-day clock, "the ground for removal must be revealed affirmatively in the initial pleading." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005).

Here, Defendant claims that "Plaintiff's Complaint did not reveal whether the amount in controversy meets or exceeds the amount in controversy threshold under 28 U.S.C. § 1332(a), nor did it indicate any demand for a specific amount." (ECF No. 1 at 3). Because Plaintiff's complaint merely states – in accordance with California's Civil Case Cover Sheet – that the amount demanded exceeds $25,000, the Court agrees with Defendant that the grounds for removal were not "revealed affirmatively" in the initial pleading. *Harris*, 425 F.3d at 695. The question, then, is whether Defendant timely filed for removal under the second removal window.

Defendant claims that "Nissan files this Notice of Removal on April 22, 2024, or within 30 days after determining through its investigation that the amount in controversy reaches the minimum threshold." (ECF No. 1 at 3). Defendant determined that the amount in controversy threshold was met by reviewing the Retail Installment Sales Contract for the vehicle, which Defendant received on February 27, 2024, and conducting "an

Case 5:24-cv-00843-SPG-SP   Document 26   Filed 07/22/24   Page 5 of 6   Page ID #:244

investigation." (Opp. at 15). Defendant alleges that it "first reviewed" this sales contract on April 19, 2024. (ECF No. 1 at 3). Thus, from the time Defendant received the Sales Contract to the time of removal, fifty-five days had elapsed. Plaintiff argues that this fact is dispositive of the issue. Defendant missed the deadline under § 1446(b)(3), and that's that. (Mot. at 5). This Court disagrees.

Here, Defendant alleges that it became aware of the possibility of removal from review of the Sales Contract *and* an investigation. As the Ninth Circuit has held, §§ 1441 and 1446, read together, "permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Since the grounds for removal only became manifest to Defendant through review of the sales document and an investigation, the relevant thirty-day window under § 1446(b)(3) began to run at or around April 19, 2024, on the assumption that neither the investigation nor the sales document were alone sufficient to disclose grounds for removal prior to April 19, 2024. Plaintiff has done nothing to rebut this assumption. Thus, Defendant timely filed for removal in this case.

Finally, even if Defendant failed to satisfy the requirements of § 1446(b)(3) – it did not – the Court notes that Plaintiff's Motion is untimely under § 1447(c) because the Motion was not filed "within 30 days after the filing of the notice of removal under 1446(a)." 28 U.S.C. § 1447(c). *See also, Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017) ("Therefore, even if a defendant fails to satisfy the time requirements of § 1446(b), the district court may not remand on that basis unless the plaintiff files a timely motion to remand.").

//
//
//
//
//

-5-

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 22, 2024

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

-6-